

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 0797 | **DATE** | August 23, 2011 |
| **CASE TITLE** | Ronnie Kolheim (N–94902) vs. McDonald, et al. | | |

## DOCKET ENTRY TEXT

The Court's July 21, 2011 order is amended to the extent that Defendants Michael Crawford and Steven McDonald are dismissed as Defendants with prejudice and the case is dismissed without prejudice. Plaintiff's amended complaint [26] is accepted. The Clerk is directed to reinstate the case. The Clerk shall also: (1) issue summonses to Defendants Theophilo Kerkeres, Mark Mejia, and Jennifer Czarnecki; (2) attach a Magistrate Judge Consent Form to the summonses for Defendants, and (3) send Plaintiff said Form and Instructions for Submitting Documents along with a copy of this order. Plaintiff's motion for appointment of counsel [25] is denied without prejudice.

■[For further details see text below.]     Docketing to mail notices.

## STATEMENT

    Plaintiff, Ronnie Kolheim, an inmate at Dixon Correctional Center, has filed an amended complaint pursuant to the Court's July 21, 2011 order. That order is amended to the extent that Defendants Michael Crawford and Steven McDonald are dismissed as Defendants with prejudice and the case is dismissed without prejudice.
    Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees.
    Plaintiff alleges that on July 19, 2010, he was arrested by the newly-named Chicago Police Officer Defendants for theft/purse snatching. Following his arrest he was taken to the police station and placed in a room with the three Defendants. The Defendants questioned Plaintiff but refused to allow him to speak with an attorney. Officer Mejia punched Plaintiff in the face while the other Defendants just stood by and did not assist Plaintiff. After Plaintiff continued to refuse to answer the Defendants' questions, Officers Mejia and Kerkeres physically assaulted Plaintiff. Officer Czarnecki watched while Plaintiff was attacked. The Defendants refused Plaintiff's request for medical attention after the beating.
    The next day, Plaintiff was taken to Cook County Jail but the Jail would not accept him because of his physical condition stemming from the beating. Plaintiff was taken back to the police station and placed in a cell without receiving any medical attention. The next day, Plaintiff was taken to the hospital.
    Plaintiff's amended complaint is accepted. The Clerk is directed to reinstate the case and issue summonses for service of the amended complaint on the newly-named Defendants.
    The United States Marshals Service is appointed to serve the Defendants – Theophilo Kerkeres, Mark Mejia, and Jennifer Czarnecki. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve the Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve the Defendants. With respect to any former City of Chicago Police Department employee who can no longer be found at the work address provided by Plaintiff, the City of Chicago Police Department shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before

## STATEMENT

attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must include the original and a judge's copy of all filings. In addition, Plaintiff must send an exact copy of any filing to Defendants or, if represented by counsel, to counsel for Defendants. Plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Plaintiff must also insure all pleadings, written motions, and other papers submitted to the Court are signed pursuant to Fed. R. Civ. P. 11(a). Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

Plaintiff also seeks the appointment of counsel. Civil litigants do not have a constitutional or statutory right to counsel. *See Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002). Nevertheless, a district court may, in its discretion, "request an attorney to represent any person unable to afford counsel." *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004), *citing* 28 U.S.C. § 1915(e)(1); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). In deciding whether to appoint counsel, the Court must consider: (1) whether, given the degree of difficulty of the case, a plaintiff appears competent to try it himself; and (2) whether the assistance of counsel would provide a substantial benefit to the court or the parties, potentially affecting the outcome of the case. *Gil*, 381 F.3d at 656, *relying on Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993).

After considering the above factors, the Court concludes that appointment of counsel is not warranted in this case at this time. Plaintiff has articulated colorable claims and has adequately investigated the facts giving rise to his amended complaint. Neither the legal issues raised in the amended complaint nor the evidence that might support Plaintiff's claims are so complex or intricate that a trained attorney is necessary.

As Plaintiff appears more than capable of presenting his case, the Court declines to appoint counsel for Plaintiff at this time. It should additionally be noted that the Court grants *pro se* litigants wide latitude in the handling of their lawsuits. Therefore, Plaintiff's motion for appointment of counsel is denied without prejudice. Should the case proceed to a point that assistance of counsel is appropriate, the Court may revisit this request.